LEMMON, Judge
(dissenting).
The factual conclusions of a trial judge, especially when based on an evaluation of the credibility of witnesses, are entitled to great weight and should not be disturbed on appellate review in the absence of manifest error. This principle, pronounced hundreds of times by the appellate courts, does not mean that we must always approve the conclusions of the trial judge on purely factual matters.
In this case the trial judge’s factual determination that Broadway had the green light was based on declared considerations which were erroneous as a matter of law. At' the end of the trial the judge stated:
“(T)he Court has to look for other facts and circumstances to determine who is telling the truth and who is not.
“One of the circumstances in this case was provided by a witness named Bragg who says the light was yellow when he was approaching it right before the accident happened. The Court has to conclude from that statement that after yellow the light turned red and therefore the light was red at the time Mr. Bragg and his truck approached the crossing of Basin Street.
“Secondly, the Court has to conclude that the cab driver knew he had crossed on a red light because he even didn’t make a claim or sue for the damages, or he didn’t even reconvene for the damages to the taxicab after he had been sued.
“The Court is of the opinion that the sole cause of this accident or damage was the negligence of Mr. Kiley in driving his taxicab across Basin Street at Canal at a time and place when the sem-aphone light was red.”
The trial judge committed manifest error in concluding “that the cab driver knew he had crossed on a red light because he didn’t even make a claim.” Whether a person presented a claim in accident litigation should play no part in the determination of liability for that accident.
As to the witness Bragg’s momentary confusion on direct examination as to the color sequence of the traffic signal, that witness on cross-examination testified as follows:
“Q And as you approached Basin Street you say the light was red?
“A Right.
“Q And you saw a yellow light come on then?
“A Well, I don’t know if it’s yellow or what, but I know the light was red. I put it in second gear and the light turned green and I took off again, and that’s exactly the way it happened.”
Again, I believe that the trial judge committed error by concluding that the witness was incorrect in his positive assertion that the light was green for Canal Street traffic simply because of his innocuous statement about a yellow light (which he admitted may have been incorrect).
Because of the two erroneous bases stated as the foundation of the trial judge’s factual conclusion, I believe the judgment of the trial court should be set aside and the case should either be retried or be decided by this court on the record without any weight assigned under the manifest error rule.